UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICOLE MARIE WATSON,<br><br>Defendant. | 4:18-cr-40018-KES-1<br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

Defendant, Nicole Watson, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to her sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 56. Plaintiff, the United States of America, opposes Watson's motion. Docket 58. For the following reasons, Watson's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the

court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Watson's Guideline range, based on a total offense level of 31 and a Criminal History Category of IV, was 180-188 months in custody, based in part on a 15-year mandatory minimum sentence applicable to her offense. Docket 40 at 27. She received 2 "status points" for committing the instant offense while under a criminal justice sentence. *Id.* at 18. Watson had 9 criminal history points and was in Criminal History Category IV. *Id.* On March 25, 2019, the court sentenced Watson to 180 months in custody. Docket 47.

On March 4, 2024, Watson filed a motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. Docket 56. She claims she is eligible under U.S.S.G. § 4A1.1, which applies to those who received "status points" for being subject to a criminal justice sentence when the offense was committed. *Id.* at 1-2.

In Part A to Amendment 821 to the Sentencing Guidelines, the

Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Watson received 2 "status points" for committing the instant offense while under a criminal justice sentence. Docket 123 at 18. Applying U.S.S.G. § 4A1.1(e) to Watson's case make no difference because her criminal history category would not be altered by a reduction of one point. She had a total criminal history score of 9, which established a criminal history category of IV. *Id.* Reducing her criminal history score by 1 results in her having a criminal history score of 8, which still places her in category IV. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table) (showing individuals with 7, 8, or 9 criminal history points are in Criminal History Category IV). Moreover, she was subject to a mandatory minimum sentence of 15 years in custody, and she received that mandatory minimum sentence. Docket 123 at 27; Docket 47 at 2. Thus, the amendment to U.S.S.G. § 4A1.1(e) does not alter her guideline range.

## CONCLUSION

It is ORDERED that Watson's motion (Docket 56) is DENIED.

Dated March 28, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE